IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GENARA SANCHEZ,

      **Plaintiff,**

vs.              Civ. No. 10-716 JCH/KBM

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and
IVAN ROMERO,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *Motion to Remand* [Doc. 13]. The Court having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff's motion is well-taken and should be GRANTED.

## BACKGROUND

Plaintiff's action arises out of an automobile collision that occurred on September 23, 2008. At the time of the collision, Plaintiff was a passenger in a van that was hit by Defendant Ivan Romero. Plaintiff sustained numerous injuries in the accident. Defendant Romero did not have liability insurance coverage at the time of the accident. Plaintiff had an automobile insurance policy with Defendant Government Employees Insurance Company ("GEICO"), which provided uninsured motorist ("UM") coverage in the amount of $300,000 on each of Plaintiff's three insured vehicles. Plaintiff contends that this entitles her to "stacked" UM coverage of $900,000. *See* Plaintiff's Amended Complaint, attached as Ex. A to Defendant GEICO's Amended Notice of Removal [Doc. 6] at ¶ 7. In addition, the owner of the van in which Plaintiff

was riding at the time of the accident had an automobile policy with Colony Insurance Company ("Colony") that provided UM coverage in the amount of $300,000. Pursuant to this policy, Colony paid $12,216.87 in UM claims to the other passengers in the van, and settled with Plaintiff for the remaining amount of $287,783.43. *See* Amended Complaint at ¶¶ 9-10. Thereafter, Plaintiff made a claim for UM coverage with GEICO, which offered Plaintiff $20,000 to settle her claim.

On July 14, 2010, Plaintiff filed her initial Complaint against GEICO in the Eighth Judicial District Court, County of Taos, seeking a declaratory judgment to determine the amount of UM coverage available under her policy with GEICO and the amount of damages to which she was entitled. *See* Complaint, attached as Ex. A to GEICO's Notice of Removal [Doc. 1]. On July 23, 2010, prior to GEICO filing an Answer to her initial Complaint, Plaintiff filed her Amended Complaint. This Amended Complaint alleged a cause of action for negligence against Defendant Ivan Romero, and also added causes of action against GEICO for breach of contract, bad faith, and violation of the New Mexico Unfair Insurance Trade Practices Act. Plaintiff served her Amended Complaint on New Mexico's Superintendent of Insurance on July 27, 2010. *See* Ex. A. to Doc. 7. On July 29, 2010, GEICO filed a Notice of Removal based on Plaintiff's initial Complaint. *See* Doc. 1. On August 3, 2010, GEICO filed its Amended Notice of Removal, addressing Plaintiff's Amended Complaint, contending that Plaintiff had fraudulently joined Ivan Romero as a defendant. *See* Doc. 6.

## **LEGAL STANDARD**

28 U.S.C. § 1332, pursuant to which GEICO attempts to remove this case, provides federal courts with jurisdiction only if there is complete diversity of citizenship between all plaintiffs and all defendants. This Court "must rigorously enforce Congress' intent to restrict

federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Thus, removal statutes are to be strictly construed, with all doubts resolved against removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing party bears the burden of establishing that removal was properly accomplished. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

The party asserting the right to removal based upon fraudulent joinder bears an even heavier burden. "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (Baldock, J., sitting by designation) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). In cases in which fraudulent joinder is alleged, courts should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). A plaintiff need not ultimately succeed on a claim against the resident defendant to defeat removal jurisdiction; rather, the plaintiff must demonstrate only the possibility that a state court would find that the complaint states a valid cause of action. *Id.* at 1147. As one court has phrased it:

> To prove their allegation of fraudulent joinder [the removing party] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted).

## **ANALYSIS**

Plaintiff is a citizen of New Mexico, and GEICO is a citizen of Maryland. *See* Amended Notice of Removal [Doc. 6] at ¶¶ 9-10. Thus, if Defendant Romero is considered to be an improper defendant in Plaintiff's suit, there is complete diversity of citizenship between the parties and federal jurisdiction is proper.[1] GEICO makes three primary arguments regarding the allegedly fraudulent joinder of Ivan Romero: (1) Plaintiff has no valid cause of action against Defendant Romero; (2) Plaintiff has not made a showing that Defendant Romero is a citizen of New Mexico; and (3) Plaintiff's failure to serve Defendant Romero is fatal to her attempt to remand the case. The Court will address each of these arguments in turn.

    A.    <u>Plaintiff's cause of action against Defendant Romero</u>

In its Amended Notice of Removal, GEICO does not contest that Defendant Romero is a tortfeasor, but it argues that Plaintiff has no valid cause of action against Defendant Romero because New Mexico law entitles uninsured motorist insurance carriers to subrogation against tortfeasors for any amounts that they must pay to a plaintiff. GEICO argues that, because Colony is entitled to subrogation against Defendant Romero for the $287,783.43 that it paid Plaintiff, and because GEICO would be entitled to subrogation against Defendant Romero for as much as $900,000 in UM coverage, "there is virtually no chance that tortfeasor Romero faces any exposure to the Plaintiff." Doc. 6 at 4. GEICO contends that "the only potential exposure [of] Mr. Romero is the subrogation claims of Colony and GEICO," and that "the chances that Plaintiff can recover anything from Mr. Romero after Colony and GEICO's subrogation claims are paid is infiniticimal [sic]." *Id*. at 6. Thus, GEICO contends, Plaintiff's motive for pursuing Defendant Romero must be solely to defeat diversity jurisdiction.

---

[1] The Court presumes, for purposes of this motion, that 28 U.S.C. § 1332(a)'s amount in controversy requirement has been met.

However, in New Mexico, if amounts paid by the insurer cover only part of the insured's loss, leaving an excess loss to be paid by the tortfeasor, the insured retains the right of action for the entire loss. *See Amica Mut. Ins. Co. v. Malone*, 120 N.M. 523, 527 (1995). GEICO has not demonstrated that it is impossible that Plaintiff's damages from her alleged severe injuries will be less than the amount covered by Colony and GEICO. It is entirely possible that Plaintiff's injuries will exceed the limits of Colony and GEICO's UM policies, at which point Defendant Romero would be liable to her for the excess.[2] The Court cannot say that GEICO has demonstrated that there is virtually no chance that Defendant Romero faces any exposure to Plaintiff. Nor does the Court need to consider Defendant Romero's current financial situation or the likelihood of his ability to pay a judgment in determining whether he is a properly joined Defendant. *See Couch*, 71 F. Supp. 2d at 1147 (holding that a demonstration that a resident defendant is judgment proof is insufficient to justify removal, as long as the plaintiff has a valid cause of action against the resident defendant).

B.      Defendant Romero's Citizenship

Plaintiff alleged in her Amended Complaint that "[a]t the time of the incident described herein, and at all times material hereto, Defendant Ivan Romero[] was a resident of Taos County, State of New Mexico." Amended Complaint at ¶ 2. In Defendant Romero's Answer to Plaintiff's Amended Complaint, he admits that, at the time of the accident and at all times material thereto, he was a resident of Taos County, New Mexico. *See* Doc. 28 at ¶ 2. GEICO

---

[2] In its Answer to Plaintiff's Amended Complaint, GEICO denied Plaintiff's contention that she has "stacked" coverage in the amount of $900,000 under her UM policy with GEICO. *See* Answer [Doc. 9] at ¶ 12. Thus, under GEICO's own argument, the amount of damages that Plaintiff would have to prove before Defendant Romero would be liable to her may be even less than the $1,187,783.43 that Plaintiff claims she is entitled to under the Colony and GEICO policy limits.

contends that Plaintiff has only alleged Defendant Romero's residency, not his citizenship, and that residency alone should not be sufficient to defeat diversity jurisdiction.  *See* GEICO's Response to Motion to Remand [Doc. 21] at 1-4.[3]  For purposes of diversity jurisdiction, an individual's citizenship is determined by his domicile.  *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).  While an individual's residency alone does not establish domicile, it does create a rebuttable presumption of domicile, and references to a defendant's residence rather than his citizenship or domicile do not preclude a determination of jurisdiction.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994).  In seeking removal, GEICO bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are present.  *See Martin,* 251 F.3d at 1290.  GEICO has offered no evidence to rebut the presumption that Defendant Romero is a citizen of New Mexico, and has therefore failed to establish complete diversity.

### C. Failure to Serve Defendant Romero

GEICO contends that Plaintiff's failure to serve or to attempt to serve Defendant Romero should be fatal to her attempt to get this case remanded.  However, this argument is not borne out by the facts of the case.  Plaintiff filed her Amended Complaint, adding Defendant Romero, on July 23, 2010.  *See* Ex. A, attached to Doc. 7.  Beginning on July 26, 2010, Plaintiff's process server attempted several times to serve Defendant Romero.  *See* Affidavit of Robert Pacheco, attached as Ex. 2 to Doc. 29.  On August 6, 2010, Defendant was served through posting of the Summons and Complaint at his residence.  *See id*. at ¶ 5.  On September 9, 2010, Defendant

---

[3] Interestingly, in its Amended Notice of Removal, GEICO asserts that Plaintiff's residence in Taos County makes her a citizen of New Mexico for diversity purposes.  *See* Doc. 6 at ¶ 9.  GEICO does not explain why it contends that residence is sufficient to establish citizenship for Plaintiff but not for Defendant Romero.

Romero filed an Answer in the Eighth Judicial District Court in which he did not contest validity of service.  *See* Ex. 1 to Doc. 29.  These facts refute GEICO's argument that Defendant Romero was fraudulently joined because Plaintiff did not attempt to serve him.  Defendant Romero is a *bona fide* defendant, and the necessary complete diversity of citizenship does not exist to give this Court jurisdiction.  Remand is therefore appropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remand* [Doc. 13] is granted. This case shall be remanded to the Eighth Judicial District Court, County of Taos, State of New Mexico. Plaintiff also seeks an award of attorney's fees and costs incurred as a result of fighting removal, pursuant to 28 U.S.C. § 1447(c).  Despite finding for Plaintiff, the Court also finds that GEICO had "objectively reasonable grounds to believe the removal was legally proper." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004).  Thus, Plaintiff's request for costs and fees in relation to this action is denied.

_____
**UNITED STATES DISTRICT JUDGE**